In the Matter of the Estate of MIRIAM D. DOANE, Deceased.

Surrogate's Court, New York County, February 12, 1925.

Wills — construction — legacy to hospital — prior to death of testatrix legatee was duly consolidated with another hospital — new corporation continued policy of legatee — legacy payable to consolidated corporation.

Where a testatrix gave a legacy to a hospital and prior to her death the hospital merged with another hospital and said corporations were duly consolidated, the new corporation, which has continued the general policy and methods of the legatee, is entitled to take the legacy.

PROCEEDING for an accounting involving the construction of will.

*Sullivan & Cromwell*, for the executor.

*Wing & Russell* [*Burt D. Wheldon* of counsel], for Fifth Avenue Hospital of New York City.

*Gilbert E. Roe*, for the residuary legatee.

FOLEY, S.:

In this accounting proceeding a question has arisen as to whether a legacy of $5,000 to the Hahnemann Hospital of the city of New York, under paragraph 2 of the will, lapsed. Prior to the death of the testatrix the hospital merged with the Laura Franklin Free Hospital, and these corporations were consolidated into a single corporation known as the Fifth Avenue Hospital of the city of New York. Prior to the death of the testatrix the consolidation became complete, and was ratified by an order of the Supreme Court, New York county. The new corporation has continued the general policy and methods of treatment of patients of the Hahnemann Hospital.

Surrogate's Court, New York County, February, 1925.　　[Vol. 124

I hold that the legacy is payable to the consolidated corporation, the Fifth Avenue Hospital of the city of New York. Thereby the intent of the testatrix will be effectuated and the oft-repeated policy of the courts to encourage charitable gifts will be followed. Moreover, ample authority in law exists for such determination. (Membership Corp. Law, § 7, as it existed prior to the amendment made by Laws of 1924, chap. 327; *Matter of Bergdorf*, 206 N. Y. 309.) The case of *Wright* v. *Wright* (225 N. Y. 329) has no application to the facts and circumstances in this estate. There a legatee, before the testator died, transferred its property to a separate corporation, surrendered its charter, and ceased to exist. In that case there was no merger, consolidation, succession or devolution.

Submit decree accordingly.