John D. Bennett, S.
This is a proceeding to construe two paragraphs of the decedent’s will. The facts are not in dispute and have been stipulated by the attorneys in an instrument dated January 6, 1960. A hearing consisting of oral argument was held March 29, 1960, and written memoranda have been filed.
Article eighth of the will reads as follows: “All the rest, residue and remainder of my property, both real and personal, of every kind and nature, of which I die seized or possessed or which shall be subject to my disposal by will, including lapsed legacies, I give, devise and bequeath to the governing body of the School 2% miles north of Smithville on new route 20, Ontario, Canada, to establish a Welfare Fund in such manner as they and my executors deem advisable, for the aid and assistance of needy children attending said school.”
Prior to December, 1945, the school referred to was known as School Section Number 11 of the Township of South Grimsby and commonly called the “ Camp School House ”. On December 25, 1945, the school ceased to exist, its governing body was dissolved, and the school was consolidated with certain other schools in the Township of South Grimsby. Meanwhile on August 4, 1951, the decedent executed the will containing the above-quoted provision. The building was continued in use as a sehoolhouse by the new district until 1954, when it was vacated. On December 15, 1956, the building was sold to a private individual for use as a dwelling. The testator died on February 24, 1959. Thus, on February 24, 1959, there not only had been consolidation of the school in a new district, but also a complete abandonment of the building for school purposes, so that obviously there were no children attending said school. However, if that provision had stood alone in the will, the argument of the Attorney-General of the State of New York that the cy pres doctrine should be applied would have carried great weight under subdivision 2 of section 12 of the Personal Property Law, and decisions such as Matter of Neher (279 N. Y. 370), where the powers of the court in the application of the cy pres doctrine have been broadly construed.
The provisions of article eighth, however, do not stand alone, but are followed immediately by article ninth, which reads as follows: “In the event any of the bequests or devises herein-before made in Articles Second and Eighth hereof shall fail in whole or part for any reason, including illegality or inability or refusal of the beneficiary to accept such gift, then I direct that the bequest or devise which has so failed be added proportionately to the bequests hereinbefore made in Articles Fifth, Sixth and Seventh hereof.”
*307 Such a provision has been interpreted by the Court of Appeals as indicating that the testator does not wish the cy pres doctrine applied (Matter of Fletcher, 280 N. Y. 86). The provisions of article eighth having failed because of the inability of the beneficiary to accept the gift, the devise and bequest must be added proportionately to the bequests made in articles fifth, sixth and seventh of the will.
Since, under the above construction, no part of the estate goes to ‘ ‘ the governing body of the School 2% miles north of Smithville on new route 20, Ontario, Canada ” or to any other group or body for charitable purposes under the cy pres doctrine, the objection and contest by the daughter, Louise Zumstine, pursuant to section 17 of the Decedent Estate Law are dismissed on the merits.
Settle decree in accordance herewith on five days’ notice, with three additional days if service is made by mail.