■ In the Matter of the Construction of the Will of WILLIAM A. ZUMSTINE, Deceased. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, on Behalf of Ultimate Charitable Beneficiaries, Appellant; J. GERARD McLAUGHLIN et al., Respondents.— In a proceeding to determine the validity of a testamentary bequest, the Attorney-General of the State of New York appeals from so much of a decree of the Surrogate's Court, Nassau County, dated August 3, 1960, as invalidated the bequest for inability of the designated beneficiary to accept it.  Decree insofar as appealed from affirmed, with costs to all parties filing briefs, payable out of the estate.  Nolan, P. J., Beldock and Christ, JJ., concur; Kleinfeld, J., dissents and votes to reverse the decree, insofar as appealed from,

with the following memorandum: Testator made his will in 1951 and died in 1959. In article 8 of his will, testator bequeathed the residuary estate to the "governing body" of a school which the parties have identified, by stipulation, as the former School Section Number 11 of South Grimsby, Ontario, Canada. The governing body of this school was the Public School Board of Section Number 11, a corporation. In 1945, the Town of South Grimsby created a township school area, consisting of nine former sections, including section 11, subject to the jurisdiction of a Board of Trustees for the entire area. The individual sections, including section 11, ceased to exist as separate sections, and the local school boards were dissolved. At the time of testator's death, section 16 (26) of the Revised Statutes of Ontario provided that "All the powers and duties of the board of a school section which becomes part of a township school area shall be vested in and imposed upon the board of the township school area." It is not disputed that, during its separate existence, the Public School Board of Section Number 11 had the power to accept the instant bequest. Such power survived its dissolution, and vested in the township Board of Trustees, pursuant to the statute. For the purpose of accepting the bequest, the beneficiary did not cease to exist, and the bequest should be paid to the township Board of Trustees (*Matter of Hoagland,* 194 Misc. 803, affd. 272 App. Div. 1040, affd. 297 N. Y. 920; *Matter of Bishop,* 206 Misc. 7, affd. 1 A D 2d 612, affd. 3 N Y 2d 294; *Matter of Doane,* 124 Misc. 663). This result is in accord with the general public policy of this State (Education Law, §§ 1504, 1505, 1510, 1514, 1521; Membership Corporations Law, § 53, subd. 3). The bequest should be limited, however, in accordance with the provisions of section 17 of the Decedent Estate Law. Pette, J., not voting. [23 Misc 2d 305.]