Lyman H. Smith, S.
Upon his accounting the administrator c. t. a. requests instructions as to the disposition to be made of certain of decedent’s securities, particularly with reference to paragraph Ninth” of decedent’s will which provides as follows: “ I give, devise and bequeath to my trustees hereinafter named sixty (60) shares of International Petroleum Company stock to be held by them as a trust fund, they to pay the net income therefrom to my nephew, Kendric Worden, until he shall have reached the age of twenty-five (25) years, at which time the same shall be given to him to be his absolutely and forever. ’ ’
The will was executed on May 15, 1939.
The testatrix, Lucille Hoyt, died July 16, 1966.
At the time testatrix made her will (1939) she was the owner of 60 shares of common stock of International Petroleum Company Limited (hereinafter referred to as 1 ‘ International Petroleum ”).
After the will had been drawn, and prior to testatrix’ death, Standard Oil of New Jersey (hereinafter referred to as “ Standard Oil”) offered to exchange its shares of common stock for the common stock of International Petroleum at the ratio of 9 shares of Standard Oil for 10 shares of International Petroleum. The testatrix accepted the offer and exchange was effected of her 60 shares of International Petroleum stock for 54 shares of Standard Oil (Certificate No. 2P300591), of which latter certificate she died seized.
We deal here with the problem of ademption.
One of the residuary legatees, Hoyt Yarnall, urges that the exchange worked an ademption. The legatee under paragraph “ Ninth ”, Kendrick Worden, contends there has been no ademption.
As Judge Fuld pointed out in Matter of Wright (7 N Y 2d 365), ademption under earlier law was often based on a finding of the subjective intention of the testator, but that presently intention of the testator ‘ ‘ has nothing to do with the matter ’ (See, also, Matter of Ireland, 257 N. Y. 155, 158.) Wright involved a ring not found among testatrix’ personal effects (presumably lost) and determined disposition of insurance proceeds arising from such loss. Ireland involved stock sold prior to death by testator’s committee. In both cases the court held for ademption. “ The exact thing which was given by the will could not physically be passed on to the legatee ”. (Matter of Ireland, supra, p. 158.)
These typical ademption cases illustrate the basic approach to the problem, viz., that to hold otherwise would have required *242 a substitution of something drastically different from the item originally specified in the legacy.
However, this court is impelled to conclude that certain stock transactions often work an exception to the rule. This is particularly true where the facts and circumstances all point to an inter vivos exchange, surrender, substitution, or swap of securities resulting from mergers or reorganizations of financially intertwined corporate entities. For example, in Matter of Schimenti (42 Misc 2d 983) testator directed his shares in Depot Construction Company to his son. Subsequently, he transferred such shares to the L & G- Holding Company, all of whose authorized stock was issued to and held by testator -until his death. The court found no ademption of the legacy, holding that when securities are subjected to substitution because of reorganization, there is a change in name and form only, and not in substance.
Similarly, the court held in Matter of Bradley (38 Misc 2d 945) that no ademption of stock legacy resulted from the merger of two corporations. (Also, see Matter of Morris, 36 Misc 2d 1094; cf. Matter of Bergdorf, 206 N. Y. 309; Matter of Doane, 124 Misc. 663.)
In the instant case testatrix’ exchange in 1958 of her International Petroleum for Standard Oil shares followed solicitation and offer (by letter) accompanied by a prospectus which defined the purpose and terms of the proposed exchange. It is significant that Standard Oil of New Jersey had acquired 83% of the outstanding common stock of International Petroleum, Ltd., prior to 1958. It appears that by such exchanges in 1958 Standard Oil increased its holdings of International Petroleum to 96%, and since then has acquired an additional 3%.
For all practical purposes we may say International Petroleum was then (1958) a wholly owned subsidiary of Standard Oil of New Jersey.
The testatrix did not create the securities she owned (International) when she drew her will. She did not set in motion the forces which substituted these securities for others of a similar character, purpose', and value at a later date. Her contribution (if any) to the substitution of one oil stock for another was perfunctory and consensual, hardly the expression of an original desire, and certainly not a divestment, by outright sale or otherwise, of her uninterrupted interest in the growing empire of Standard Oil. There has been no change in the nature of the property bequeathed under paragraph “Ninth” of decedent’s last will and testament.
There has been no ademption of the legacy.