William J. Regan, S.
In the accounts of the executors in this proceeding it appears that there is a deficit of approximately $7,500 necessary to pay taxes, debts and administration expenses. Paragraph second of the will provides: ‘ ‘ second : All estate, inheritance, succession, legacy and other death duties or taxes of any nature which may he assessed or imposed upon or with respect to property passing under this will shall be paid out of my residuary estate as part of the expenses of administration and with no right of reimbursement from any of the legatees, devisees or 'beneficiaries hereunder. ’ ’
The executors’ contention is that there being no residuary clause in the will all legacies must abate proportionately to meet the deficit.
Ohjectant points to paragraph sixth of the will in which decedent bequeathed the sum of $500 each to various organizations to be paid “ out of deposits to my credit in the Erie County Savings Bank and the Western 'Savings Bank, Buffalo, New York, at the time of my death ”. In the same paragraph following the above-mentioned bequests decedent continued: “ (b) All the rest, residue and remainder of the deposits to my credit in the said Erie County Savings Bank and the Western Savings Bank, Buffalo, New York, at the time of my death, I give and bequeath to the united Jewish eedebation of buffalo, inc., with the request and direction that the said bequest be used to aid and assist local needy residents.”
The ohjectant contends that this latter paragraph amounts to a residuary disposition in the will and that therefore all debts and administration expenses of the estate should be paid from that fund pursuant to paragraph second.
In the court’s opinion paragraph sixth, as well as paragraph fifth of the will, is a demonstrative disposition. EPTL 1-2.3 reads as follows: ‘ ‘ Demonstrative disposition. A demonstrative disposition is a testamentary disposition of property to be taken out of specified or identified property.”
It therefore appears clearly that this definition applies in this instant case. Whatever residuary language is used is only *774 for the purpose of defining the particular bequest and indicating the source and the size of such bequest.
A reading of the will as a whole indicates to this court that there is no residuary disposition in this will- and that therefore paragraph second of the will has no application. (Matter of Halsted, 174 Misc. 292, affd. 261 App. Div. 892; Matter of Caswell, 239 App. Div. 695; Matter of Homler, 132 N. Y. S. 2d 642.)
Consequently it is the holding of this court that all legacies must abate proportionately and the assets are chargeable with the payments of the estate obligations and must follow the statutory method as set out in EPTL 13-1.3.