Thomas R. Hadaway, S.
This proceeding has been commenced by Alberta C, Hamilton, one of the coexecutors of the last will and testament of James B. Hamilton, to obtain a construction as to certain provisions of his will relating to the payment of estate taxes. The respondent, Emerson L. Hamilton, is the other executor named in the will.
The decedent died a resident of Orange County on April 23, 1970, leaving a last will and testament which has been duly admitted to probate, in which he gave all of his estate, real and personal, to his wife, Alberta C. Hamilton, with the exception of all his right, title and interest in and to certain shares of capital stock of Hamilton Brothers, Inc., issued and standing in the name of the decedent, or in the joint names of James B. Hamilton, Jr., and Emerson L. Hamilton, 12 shares of the capital stock of the Bank of Matamoras, and the decedent’s one-half interest in certain real estate in the City of Port Jervis known as No. 56 Jersey Avenue, which he gave to his brother, Emerson L. Hamilton.
The provisions in the will for the benefit of the decedent’s brother, Emerson L. Hamilton, were made on the condition that the said Emerson L. Hamilton assume and pay or discharge all debts, mortgages, interest, leases, contracts and obligations of every kind or nature, which are or-may be liens or encumbrances on the business conducted by Hamilton Brothers, Inc., and that the said Emerson L. Hamilton pay or cause to be paid to the decedent’s wife, Alberta C. Hamilton, the sum of $25,000 within a period of six months from the date of decedent’s death.
*247 The will then contains this provision with respect to the payment of estate taxes:1 ‘ tenth : I direct that all estate, transfer, inheritance and like taxes, including interest and penalties, imposed or assessed by the federal or state governments, or any other duly constituted authority upon or with respect to property passing under this, my Will, and any property passing outside of my Will, which is required to be included in my taxable estate, be paid out of my testamentary residuary estate and that no portion thereof shall be apportioned to or collected from any legatee, devisee or other recipient of property constituting part of my taxable estate. ’ ’
The petition herein, as amended, alleges that the residue of the estate remaining after transfer of the assets conditionally bequeathed to the said Emerson L. Hamilton, and exclusive of jointly owned assets, or assets owned with right of survivorship in another and exclusive of the “ widow’s portion”, have a value of $2,332 and that the residuary estate is inadequate to pay the funeral expenses, administration expenses and the estate taxes. For that reason, the court has been asked to determine who shall pay the difference between the sum of those items and the amount of the residuary estate applicable thereto.
Under section 249-z of the Tax Law, an estate fiduciary is required to pay estate taxes in the first instance, and EPTL 2-1.8 states that the said tax shall be apportioned among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, unless otherwise provided in the will.
The directions contained in paragraph “ tenth ” of the decedent’s will are very explicit and unambiguous and leave no doubt in the court’s mind that the decedent intended that the estate taxes be paid out of the residuary estate whether the property passed under the will or outside the will and that no portion thereof be apportioned to or collected from any legatee, devisee or other recipient of property constituting part of the taxable estate. Extrinsic evidence as to the circumstances surrounding the execution of the will is not admissible in such case. (Dwight v. Fancher, 245 N. Y. 71; Matter of Trombly, 138 Misc. 220; Matter of Bent, 142 Misc. 811.)
Where the residuary estate is insufficient to pay all estate taxes, the balance of such taxes, after payment of such portion of taxes as the residue will permit, is required to be equitably allocated against all beneficiaries. (Matter of Falconer, 138 *248 N. Y. S. 2d 666; Matter of Burr, 72 N. Y. S. 2d 905; Matter of Rosenthal, 64 Misc 2d 772; Matter of Halstead, 174 Misc. 292.)
When the residuary estate of a decedent is insufficient to pay administration and reasonable funeral expenses, debts of the decedent, and taxes for which the estate is liable, then, under EPTL 13-1.3, all interests in the decedent’s estate abate for the purpose of paying such estate obligations in the order set forth in that section.