William J. Regan, S.
This is a construction proceeding of article Third of the will of Jennie M. Kellogg, as follows: “ Third: I give and bequeath to my sister, Josephine K. Brown, a sufficient amount of cash from the assets of my estate, which said cash, when added to the combined amounts in two savings accounts at the time of my death, one being Erie County Savings Bank Account No. 656836 and the other being Western Savings Bank Account No. 80410, the former being in the name of Jennie M. Kellogg and Josephine K. Brown, jointly and to the survivor of them, and the latter being in the name of Jennie M. Kellogg and Josephine Kellogg Brown, jointly and to the survivor of them, shall equal the total sum of $45,000.00.”
A stipulation of the facts involved was presented which agreed that at the time of the execution of her will Jennie M. Kellogg maintained with her sister, Josephine K. Brown, the Erie County Savings Bank account No. 656836 described in her will; that on February 1, 1962 both sisters executed an ‘ ‘ Affidavit Upon Loss of Passbook ”. On February 6, 1962 the sum of $18,451.21, balance in account No. 656836, was credited to a new *195 account in the same bank, No. 858269 and a new passbook was given to the sister; that the new passbook and new account number were issued because it is the bank’s business practice to close out an account number when its passbook is lost. In all other respects No. 858269 conforms to the description of the Erie County Savings Bank account mentioned in article Third of the will. At the time of Jennie M. Kellogg’s death there was a balance of $22,310.80 in account No. 858269.
Josephine K. Brown, survivor of the joint accounts in question, survived the testatrix but then died on August 9, 1970. The present proceeding has been brought by the executor of her estate, who contends that because account No. 656836, as designated in article Third of the will, was not in existence at the date of testatrix’ death that that account was ho longer to be considered in the computations under the will.
The bequest under article Third of the will is a demonstrative disposition. EPTL 1-2.3: “ Demonstrative disposition.
“A demonstrative disposition is a testamentary disposition of property to be taken out of specified or identified property ”. (Matter of Rosenthal, 64 Misc 2d 772.) Demonstrative bequests have the characteristics of specific bequests. Where there is no substantial change in the property which is the subject matter of the disposition there would be no abatement of said disposition. (Matter of Brann, 219 N. Y. 263; Matter of Hoyt, 55 Misc 2d 240.) In the Hoyt case .stock which had been bequeathed was surrendered during decedent’s lifetime for stock in a different corporation and the court held there was no ademption. In the instant case it has been agreed by stipulation that the change in the bank account was merely a change of number and passbook but that the original funds remained intact. Important consideration is the identity of the fund and in this case there is no problem as to that. (Matter of Howard, 46 Misc. 204; Matter of Yungel, 153 N. Y. S. 2d 418.)
Inasmuch as it is this court’s belief that such was the testatrix’ intention and because it is apparent that the two accounts referred to are clearly ascertainable, it is this court’s decision that the bequest under article Third to Josephine K. Brown consider both bank accounts in computing the bequest to her.