JOSHUA HILL *et al.*, plaintiffs in error, *vs.* WILLIAM AL-
    FORD, next friend, defendant in error.

1. Where there is no ambiguity on the face of a will, parol evidence is
   inadmissible to explain it. (R.)
2. Where a will provided that, as testator's children should marry or
   come of age, the executor should give off such portions of the prop-
   erty as he thought proper, the title to the same remaining in the estate
   until the youngest child should marry or come of age, when it should
   be brought into the general fund and a final division take place, and
   in case all the children should die without leaving children at the time
   of their death, then the property to pass to the Inferior Court of Put-
   nam county, for certain specified purposes, and the youngest having
   survived all the children, and having been placed in possession of the
   entire estate, and having died after he arrived at full age, leaving two
   children :
*Held,* That the purchasers, under an execution against said youngest
   child, obtain a valid title thereto as against his children. (R.)

Will. Ambiguity. Parol evidence. Remainder. Before
Judge ROBINSON. Morgan Superior Court. September Term,
1871.

For the facts of this case, see the decision.

REESE & REESE; FOSTER & FOSTER, for plaintiffs in
error. 1st. The first error complained of is the admission of
the testimony of witnesses, Branham and Ogilby: See Code,
secs. 2420, 2421, 3747; Doyal and wife *vs.* Smith, ex'r, 28
Ga., 262. No ambiguity in this will, either latent or patent:
1 Greenleaf's Evidence, 297, 300; 1 Burrill's Dict., 90; Bil-
lingslea, adm'r, *vs.* W. B. Moore, (2 and 3 head notes,) 14
Ga., 370. 2d. The second error complained of is the charge
of the Court, "that the plaintiffs, the children of Andrew F.
Bird, at the death of Andrew F. Bird, under the last will
and testament of George L. Bird, took an estate in remainder
in the property in dispute." 1. They cannot take by impli-
cation: Jarman on Wills, 466; Wilkerson *vs.* Adams, 1 Vee-
sey & Beams., 466, (marg. p.;) Wright *vs.* Hicks, 12 Ga.,
156, (head notes, 7, 8, 9.) 2. Nor can they take under the
terms of will; the law favors the vesting of estates: Jarman

on Wills, 726; 16 Ga., 345; 20 Ga., 834; 33 Ga., 341; 3 Kelly, 356; 14 Ga., 232. 3d. There is no difficulty in construing this will and arriving at the intention of testator from the will itself. Transposing clauses: Code, 2420. This will has already been construed for all the purposes of this cause by this Court: See Cogburn *vs.* Ogilby, adm'r, 18 Ga., 56. "A patent ambiguity is one which appears on the face of the instrument itself, and renders it ambiguous and unintelligible: as if, in a will, there was a blank left for the devisee's name." Brown's Maxims, 261 and 468; Smith on Contracts, 28; Bacon's Maxims, 90. "A latent ambiguity is thus: If I grant my manor of S. to J. F. and his heirs, here appeareth no ambiguity at all; but if the truth be that I have the manors both of South S. and North S., this ambiguity is matter in fact, and, therefore, it shall be holpen by averment whether of them was that the party intended should pass:" 1 Powell on Devises, 477; 2 Kent Com., 556.

J. WINGFIELD; BILLUPS & BROBSTON; L. E. BLECKLEY; NISBETS & JACKSON, for defendant. 1st. Parol evidence of the circumstances and surroundings of testator admissible: Code, sec. 2421; 12th Ga. R., 47; 31st *Ib.*, 198; 14th *Ib.*, 370; 17th *Ib.*, 267; 1st Greenleaf's Ev., 410; 1st Jarman on Wills, 363; Blackstone's Coms., book 2d, 513; 6th Vesey R.,* 32; 7th *Ib.*, 518. 2d. In construction, transposition of sentences, etc., allowed: Code, sec. 2420; 1st Jarman on Wills, 538, 317; 24th Ga. R., 102. 3d. By will of George L. Bird the fee never was intended to vest: 2d Red. on Wills, 345; 1st Jarman on Wills, 500; 29th Ga. R., 545. 4th. Subsequent restrictive clause controls: 1st Jarman on Wills, 412; 6th Peters' R., 76; 30th Ga. R., 461; 24th *Ib.*, 102. 5th. Rules of construction: 1st Red. on Wills, 432 *et seq.*; 2d Jarman on Wills, 742 *et seq.*

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant, to recover the possession of a tract of

Hill *et al. vs.* Alford.

land in the county of Morgan.   On the trial of the case, the jury found a verdict for the plaintiff.   The defendants made a motion for a new trial, on the ground that the verdict was contrary to law and the evidence, and because the Court erred in admitting in evidence the sayings of Bird, the testator, (under whose will the plaintiff claimed title,) before and after making the will, and because the Court erred in charging the jury that the children of Andrew F. Bird, the lessors of the plaintiff, took an estate in remainder in fee, under the will of George L. Bird, to the property in dispute.   The motion for a new trial was overruled, and the defendants excepted.

The following is a copy of the last will and testament of George L. Bird, as set forth in the record :

"Item 1st.  I will and desire that all my property, both real and personal, should be kept together under the management and control of my executor, to be hereinafter named, for the support and education of my family.

"Item 2d.  I will and desire to give my executor the privilege of selling such part of my estate as may seem best to him, either for the payment of my debts or for the better management of my estate.

"Item 3d.  Should my wife, Phœbe, marry, it is my will that my estate shall furnish her with a genteel and comfortable support out of my property during her life.

"Item 4th.  It is my will, that should any of my children die after marriage and without leaving any child or children born of said marriage living at the time of said child's death, then that the widow of such child shall receive $500 from my estate, and no more.

"Item 5th.  It is my will, that as my children should marry or become of age, my executor shall give off to such child such portion of my estate as he may think best, for the purpose of managing and controlling and deriving the profits or income to himself; but the title to such property shall not be divested from my estate, nor such child acquire any title to the same; but said property shall belong to my estate until.

VOL. XLVI. 17.

the youngest child shall marry or become of age, and then shall be brought into the general fund, to be divided among all my children equally, share and share alike.

"Item 6th. My further will and desire is, that should all my children die, without leaving children at the time of their death, that all my property shall be made a poor school fund of, to be placed under the control of the 'Inferior Court of Putnam county,' and my executor, or such other person as my executor may select as his adviser, to be appropriated to the purposes in said county of Putnam as the poor school fund is applied.

"I constitute William B. Carter my executor, to carry into effect this, my last will and testament, hereby revoking all others. This ...... day of April, 1838."

There is no ambiguity on the face of the testator's will, which would authorize the introduction of parol evidence to explain it; but the words thereof are to be construed according to their legal effect, and the intention of the testator must be derived from the plain, unambiguous words which he has employed in making his will. It was error, therefore, in the Court in allowing the parol evidence of the sayings of the testator to be given in evidence as set forth in the record. The following facts were in evidence at the trial: George L. Bird, the testator, died two or three weeks after making his will, leaving as his only children three sons, two of whom died before Andrew, the youngest, became of age or married, leaving no children. Andrew, the youngest, and last survivor, died after he arrived at full age, leaving two children, who are the lessors of the plaintiff in this suit. After Andrew became twenty-one years of age, the administrator with the will annexed of George L. Bird, turned over to him the entire estate of the testator. The land in dispute was levied on and sold by the sheriff as the property of Andrew F. Bird, and purchased by the defendants; and the question is, what estate did Andrew F. Bird take under his father's will, and did the lessors of the plaintiff take any interest in the land under that will? This will must be con-

Hill *et al. vs.* Alford.

strued under the law as it stood prior to the adoption of the Code. The Court charged the jury, "that the plaintiffs, the children of Andrew F. Bird, under the will of George L. Bird, took an estate in remainder in fee, in the property in dispute." If there are any words in the testator's will, which, according to the legal rules of construction, would create an estate in remainder in fee in the children of Andrew F. Bird, to the property in dispute, or any other estate thereto in them, it has escaped our observation. What estate did Andrew F. Bird take under the will to the property in dispute? The title to the property was in the executor for the purposes specified in the will, until Andrew, the youngest child became of age, and then it was to be divided among all the testator's children equally, share and share alike. When Andrew became of age he was the only surviving child, and the entire estate vested in him in fee subject to be divested under the sixth item of the will, in the event he should die without leaving children at the time of his death. The estate of Andrew in the land under the will was not contingent upon his leaving children, as has been supposed, but was a vested fee, subject to be divested in the event he died without children. In the event he died without children, the property went over by way of an executory devise to the Inferior Court of Putnam county, as a poor school fund; and this executory devise was not at all inconsistent with the fee to the property being in Andrew, for an executory devise may be limited after a fee. The fee which Andrew took in the land under the will was a qualified or base fee, because there was a qualification annexed thereto, (to-wit,) that if he died without children it was to go over by way of executory devise to the Inferior Court of Putnam county; still, it was an estate in fee in him, because, by possibility it might endure forever to him and his heirs, as it turned out in this case, he having left children at the time of his death. The proprietor of a qualified or base fee has the same rights and privileges over his estate till the contingency upon which it is limited occurs, as if he was tenant in fee simple: 2 Blackstone's Com-

entaries, 109-10 (and note 15). ⸱ If there should be any doubt whether the devisee in this case took an absolute estate in the land at common law, there can be none under the provisions of the Act of 1821, which declares that all devises of real property shall vest in the person to whom the same are made, an absolute, unconditional fee simple estate, unless it be otherwise expressed, and a less estate mentioned and limited in such devise.

It was said, on the argument, that it was the intention of the testator that his grandchildren should take his property, in the event his sons died leaving children, but there are no words in the testator's will which will authorize a Court to say so ; for, as it was said by this Court in *Wright vs. Hicks,* 12 *Georgia Reports,* 156, " Courts are not permitted to give effect to the will of a testator contrary to the plain and obvious terms used by him upon a *mere conjecture* as to his intention." What estate in the land the defendants would have taken under their purchase at sheriff's sale, if Andrew F. had died without children, as against the executory devisee, it is not necessary now to say, inasmuch as the executory devise over was defeated by Andrew F. leaving children at the time of his death.   In our judgment, Andrew F. Bird, being the youngest and only surviving child of the testator when he became twenty-one years of age, he took a vested fee in the land, subject to be divested on his dying without children, but as he did not die without children, his title to the land was not divested, but on his death descended to his heirs, subject to the payment of his debts, and that, inasmuch as Andrew had a good, indefeasable estate in the land, the defendants who purchased it at sheriff's sale as his property, acquired a good and valid title thereto as against the plaintiffs, who could only claim it as the heirs-at-law of their father, Andrew F., and not as remaindermen, under the will of their grandfather, George L. Bird.

Let the judgment of the Court below be reversed.