GILLESPIE *et ux. vs.* SCHUMAN *et al.*

1. A devise to a woman and "her children, if any living," means to her and such children as may be living at the death of the testator.

If none be then living, she takes a fee simple estate, and the birth of children subsequently to the death of testator cannot affect the estate conveyed.

2. Parol testimony was not admissible to raise a latent ambiguity in such devise, by showing that it was the intention of testator to cre-- ate a life estate in his daughter, with remainder to her children, and' thus to defeat the legal effect of the plain, unambiguous terms used.

Wills.   Estates.   Evidence.   Before Judge HILLYER. Fulton Superior Court.   October Term, 1878.

In addition to the report contained in the decision, it is only necessary to state that two of the grounds of plaintiffs' motion for new trial were as follows:

(1). Because the court erred in rejecting evidence of Hulsey, a witness for plaintiffs, tending to show that the third item of the will of Collier conveyed a life estate with remainder over. [The immediate fact to which the evidence was directed, and from which it was sought to interpret the third item of the will, was a system of equal distri- bution on the part of the testator.]

(2). Because the court erred in charging as set out in the decision.

The motion was overruled, and plaintiffs excepted.

A. B. CULBERSON; E. F. HOGE, for plaintiffs in error, cited as follows: On construction of wills, 2 *Ga.*, 307–312 8 *Ib.*, 34; 40 *Ib.*, 18; 12 *Ib.*, 361; 15 *Ib.*, 141; 58 *Ib.*, 33–34. Parol evidence to explain ambiguity, 8 *Ga.*, 34; 33 *Ib.*, supplement, 79; 2 Redfield on Wills, 764–765, On "children", 12 *Ga.*, 360; 29 *Ib.*, 403, 545; 35 *Ib.*, 40; 36 *Ib.*, 275, 977; 28 *Ib.*, 270; 6 Coke's R., 17; 3 *Ga.*, 564; 4 *Ib.*, 383–384; 17 *Ib.*, 84–85; 30 *Ib.*, 16S, 641; 32 *Ib.*, 361; 36 *Ib.*, 274–275; 30 *Ib.*, 638; 15 *Ib.*, 145; 16 *Ib.*, 555; 17 *Ib.*, 283; 28 *Ib.*, 270; 31 *Ib.*, 734–5.

COLLIER & COLLIER; N. J. HAMMOND, by brief, for de-

fendants, cited as follows: Construction of instruments, Code, §2754. On ambiguities, Code §§2757, 2457, 3801; 3 *Kelly*, 556; 8 *Ga.*, 36; 47 *Ib.*, 463; 30 *Ib.*, 167; 4 *Ib.*, 461; Code, §2456. On "children", 4 *Ga.*, 461; 15 *Ib.*, 202; 36 *Ib.*, 276; 43 *Ib.*, 327; 4 Paige, Ch., 47–53; 2 Mc-Cord, Ch., 440, 256; 2 Vesey, 690; 1 Hill, Ch., 322; 1 Vesey, 405; 11 *Ib.*, 238; 15 *Ib.*, 125; 10 *Ib.*, 152; 1 Atk., 509; 2 *Ib.*, 329; 6 Coke, 17; 7 *Ga.*, 76; 8 *Ib.*, 146; 15 *Ib.*, 509; 145; 20 *Ib.*, 699; 21 *Ib.*, 377–378; 24 *Ib.*, 424; 28 *Ib.*, 378, 541; 4 *Ib.*, 61; Code, §2250; 33 *Ga.*, 72; 29 *Ib.*, 403; 35 *Ib.*, 40. Estate vested at death of testator, 15 *Ga.*, 205; 43 *Ib.*, 327; 36 *Ib.*, 454.

WARNER, Chief Justice.

The plaintiffs, Gillespie and wife, seek to recover of the defendants (Schuman being merely a tenant, and Lynch the landlord and real defendant,) certain realty in the city of Atlanta. Both parties claim under the will of Merrill Collier. The plaintiffs insist, that by that will, the third item particularly, Malinda P. Collier took an estate for life in the premises in dispute, remainder to her children, plaintiff, Malinda, being her only child. While defendants insist, that under the will, and the third item particularly, Malinda P. Collier took an absolute estate, which, by her marriage, passed to her husband, and by a series of regular conveyances, to them.

On the trial, plaintiffs introduced the will of Merrill Collier, the material parts of which are as follows:

"First. After my just debts are paid, I give and bequeath to my daughter, Martha W. Loky, one hundred dollars in cash, and,

"Secondly. I give and bequeath to my two grandsons, William E. and John Collier, sons of my son Henry G. Collier, the sum of five hundred dollars, to be put out on interest till they become of age; and if one or both should die before coming of age, the money to go back to my five youngest daughters, my lawful heirs, to be equally divided.

"Thirdly. I give and bequeath to my daughter, Malinda P. Collier, and her children, if any living, one negro woman, by the name of

Levina, and her two children, Simon and Cornelius, and a boy by the name of Guilford, with my house and lot in Atlanta lot No. 4, on block No. five, lying upon Hunter street, with my gold watch.

" Fourthly. I give and bequeath to my daughter, Charlotte Hulsey, one negro man, by the name of Elisha, and at her death to go to her children that may be living, with the balance she may get at her mother's death.

" Fifthly. I give and bequeath to my daughter, Jane B. Lofton, one negro boy, by the name of Pleas, at her death the negro boy and the rest of the property she may get at her mother's death, to go to her children then living.

" Sixthly. I give and bequeath to my daughter, Margaret E. Brantley, one negro boy by the name of Bill, with the balance of property she may get at her mother's death, to be equally divided between her children then living.

" Seventhly. I give and bequeath to my daughter, Nancy W. Cook, one negro girl by the name of Caroline; and at the death of my said daughter, said negro, with the rest of property I give her, to be divided between her children then living ; also, with the property she may get at the death of her mother.

" Eighthly. I give and bequeath to my beloved wife, Elizabeth, during her natural life or widowhood, one negro woman, by the name of Elmyra, and her four children, a boy named Tom and a negro man named Andy, and the plantation with all the stock and appurtenances thereon; and at her death the property to be sold and equally divided with my five last daughters. I desire my store-house in Atlanta to be sold, and the lot in Irwin county, at the expiration of four years from the first day of April, 1854; and at the dividing of the last property or money, I wish my four youngest daughters to have two hundred dollars each, more than Charlotte Hulsey, the oldest, as I think her negro is worth that much more than theirs."

The will was executed in November, 1854, and the testator died in June, 1855, his daughter, Malinda, being unmarried and having no child or children at the time of his death.

The jury, under the charge of the court, found a verdict for the defendants. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiffs excepted.

The court charged the jury as follows :

" 1. Both parties claim under the third clause of the said will—

" The plaintiffs say that clause means that this property

should pass to Malinda P. Collier, vesting in her a life estate, with remainder to such child or children as she might have at her death, and that she is dead, and Mrs. Gillespie, plaintiff, is her only child thus living and in being at the time of her death.

"2. The defendants say that the clause of the will in question means that Malinda P. Collier should take an estate along with any child that she might have living at the time Merrill Collier died, and that if she had none then she would take an absolute estate, and that at the time he died she was still a single woman, and had no children, and, by force of the will, an absolute title did vest in her.

"3. The construction of written instruments is matter for the court, and the court instructs you that this will is not ambiguous or uncertain in its expression of the testator's intention.

"The general rule is, that when the word "children" is used in a will as descriptive of persons who are to take an interest in the inheritance, it means children living and in being at the time the legacy vests, and that is the rule that must govern in the present case. If Malinda P. Collier was still unmarried, and had no children at the time her father, the testator, died, then she, Malinda, took her legacy absolutely ; a child born to her afterwards would not be let into the inheritance, but her title would pass to her husband for the whole property, and his deed would convey a good title to the exclusion of her child."

There was no error in the charge of the court in view of the provisions of the testator's will and the evidence in the record ; consequently there was no error in ruling out the testimony of Hulsey offered to explain the assumed ambiguity in the third clause of the will. The devise of the property in dispute is to Malinda P., and her children, if any living. There is no patent ambiguity as to this clause of the testator's will. Under the law applicable thereto at the death of the testator when his will took effect, Malinda P. having no children living at that time, she took an abso-

lute estate in the property, there not being a less estate mentioned and limited by the testator in the devise of it to her. Code, §2248. But it is insisted by the plaintiffs in error that there is a latent ambiguity on the face of the will as to the testator's intention in regard to the devise of the property to his daughter, Malinda P.; that it was his intention to create a life estate only in the property to his daughter, with remainder to her children, and that parol evidence is admissible to prove such intention. The reply is that the words of the third clause of the testator's will are not ambiguous or of doubtful meaning as to the legal effect thereof, and should be construed in accordance therewith. Code, §2456. If parol evidence is admissible for the purpose of raising a latent ambiguity to defeat the legal effect of the plain, unambiguous words of a testator's will, and thereby create a different estate in the property devised than that created by the legal effect of the plain words employed by him, then no man's will can stand—the parol evidence of witnesses years after his death will make one for him. *Hill vs. Felton*, 47 *Ga.*, 455. In *Lewis vs. Lewis*, decided during the present term, it was held that the property of the testator vested in his son's children who were living at the time of his death, and not those who were born afterwards. In view of the facts contained in the record, there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.