HUNGERFORD *et al.* *v.* TRUST COMPANY OF GEORGIA, executor.

No. 13293. MAY 15, 1940. REHEARING DENIED JUNE 14, 1940.

*Lokey & Bowden,* for plaintiffs.

*Sumter M. Kelley* and *Spalding, Sibley, Troutman & Brock,* for defendant.

DUCKWORTH, Justice. We are not here concerned with any portion of the will except the codicil. The single question presented is whether under this codicil Hungerford is entitled to the bequest of $5000, since the petition shows that he was not living with his wife at the death of the testatrix. There is no issue as to the meaning of the language of the will. It must be conceded that the language, "provided they are living with their present wives at the time of my death," has but one meaning, is unambiguous, and clearly states the condition upon which Hungerford is entitled to the bequest. By these words, it is required that his status on the death of testatrix, in order to entitle him to the bequest, must be that of living with his wife Julia. It is recognized that the cardinal rule in construing any will is the ascertainment of the intention of the testator. Code, § 113-806; *Morton* v. *Murrell,* 68 *Ga.* 141 (2); *Ivey* v. *Davis,* 175 *Ga.* 607 (165 S. E. 605); *Owens* v. *Citizens & Southern National Bank,* 177 *Ga.* 289 (3) (170 S.

E. 196); *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1 (185 S. E. 77). While courts are authorized to hear parol testimony of the circumstances relating to the testator at the time of the execution of the will (Code, § 113-807; *Watts* v. *Finley,* 187 *Ga.* 629, 1 S. E. 2d, 723; *Grant* v. *Grant,* 187 *Ga.* 807, 2 S. E. 2d, 421), yet where the language of the will is unambiguous and the testator's intention is stated in unmistakable language, parol evidence is inadmissible for the purpose of showing a different intention. *Hill* v. *Alford,* 46 *Ga.* 247; *Hill* v. *Hill,* 161 *Ga.* 356 (130 S. E. 575); *Citizens & Southern National Bank* v. *Clark,* 172 *Ga.* 625 (2) (158 S. E. 297). Parol evidence should not be admitted, where the meaning of the language of the will is clear, for the purpose of making ambiguities. *Hill* v. *Felton,* 47 *Ga.* 455, 470 (15 Am. R. 643); *Gillespie* v. *Schuman,* 62 *Ga.* 252 (2); *Atwood* v. *Geiger,* 69 *Ga.* 498 (2). The unambiguous language of the will setting forth the intention of the testator is the sole and controlling guide for determination of that intention. *Cook* v. *Weaver,* 12 *Ga.* 47; *Hertz* v. *Abrahams,* 110 *Ga.* 707 (26 S. E. 409, 50 L. R. A. 361). With the foregoing legal principles as a guide, each will must be construed in view of its particular language.

Precedents or decisions of other courts are of but little value and of dangerous application in the determination of the testator's intention in a particular will. *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Comer* v. *Citizens & Southern National Bank,* supra; *Refinance Corporation of Georgia* v. *Wilson,* 183 *Ga.* 336 (188 S. E. 707). The plain language here involved can not be changed by speculation as to what might have been the motive prompting the testatrix in using that language. Courts are without authority to rewrite by construction an unambiguous will; for to do that would be to substitute the will of the court for that of the testator. It is no proper concern of the court whether the disposition of one's property by will is wise or unwise, is justified or unjustified, so long as such disposition is legal and the intention of the testator is certain and clearly expressed by the terms of the will. Although the court may regard as frivolous or insufficient the reasons prompting the testator to make a bequest, yet, when the intention to make the bequest is too plain to be challenged, it is the duty of the court to give effect to it and thus allow the expressed wish of the testator to stand. Motive in making

a bequest is a legitimate field for judicial inquiry only to the extent that it may illuminate the vital question of intent, where, due to the uncertain and ambiguous language of the will, the testator's intent is doubtful. It is argued that the purpose of testatrix in fixing the condition upon which the bequest was made was to guard against her son-in-law's receiving it in case he separated from or divorced her daughter. This argument shows an attempt to have the will rewritten. If such had been the intention, it could have been so stated in lieu of the language employed, which is not susceptible of any such construction. Again we say it is no proper function of courts to write wills, or to change the plain language of the will by construction. There is no merit in the contention that the legatee was prevented by an act of God from meeting the condition upon which he was to receive the bequest, and therefore that the condition was ineffective. The testatrix plainly declared that he was to take only in the event this act of God had not happened at her death; and it will violate no rule of law to give full effect to the intention of the testatrix as thus expressed. It follows that Hungerford did not, on the death of the testatrix, occupy the position required of him by the terms of the will as the sole basis upon which he was entitled to the bequest. The petition showing these facts alleged no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*