Frank D. Paulo, S.
The executrix has petitioned the court for judicial settlement of her final account and for a construction of certain provisions of the testatrix’ will.
The decedent, Adele Morris, died a resident of this county on March 8, 1959. Her will was admitted to probate on June 17, 1959.
Paragraph “ fourth ” of decedent’s will reads (in part) as follows:
“ fourth : — I give and bequeath the following securities, provided I shall be the owner of said stock at the time of my death, to the following persons, if they survive me.
* # *
11 (g) To my niece, kathy furman, Four Shares of American Telephone and Telegraph Co.
# * *
“ (i) To my cousin, vera dieckman, Fifteen Shares of American Telephone and Telegraph Co.
“ (j) To my cousin, helen dieckman, Three Shares of American Telephone and Telegraph Co.”
At the date of her death testatrix owned 48 shares of this stock. Shortly after her death American Telephone and Telegraph Co. split its stock three for one.
The three bequests mentioned above are specific bequests (Matter of Security Trust Co., 221 N. Y. 213). The specific legatees are therefore entitled to receive from the executrix three times the number of shares mentioned in the will. In addition *1095 they are entitled to receive the dividends since the date of death attributable to the shares bequeathed to them.
Under subdivision “ (m) ” of paragraph “ fourth ”, decedent bequeathed five shares of American Car & Foundry Corp. to Dorothy Siclari. Subsequent to the execution of the will but prior to decedent’s death American Car & Foundry Corp. changed its corporate name to ACF Industries, Inc. and decedent received 11 and 250/1000 shares of ACF Industries, Inc. This is a change in name or form only and does not work an ademption (Matter of Brann, 219 N. Y. 263, 267).
Subdivision (a) of paragraph “sixth” reads as follows: “ To St. Ann’s Church, Great Kills, Richmond County, New York, the sum of one thousand ($1,000.00) dollars.”
It is clear that testatrix meant to describe “ St. Anne’s Church” in the above-quoted subdivision. No other church in the area is known as “ St. Ann’s ” or “ St. Anne’s ” and she was contributing to “ St. Anne’s Church ” at the time she executed her will. Thereafter “ St. Anne’s Church ” ceased to exist. It was consolidated with the “ Church of the Holy Comforter ” by order of the Supreme Court on May 31, 1951, creating as successor, a church having the corporate name of the 1‘ The Rector, Church Wardens and Vestrymen of St. Alban’s Church, Richmond, New York”. Both the original churches Avere in the general vicinity of Great Kills, Staten Island. Both were Episcopal Churches of the Diocese of Nbav York. St. Alban’s Episcopal Church, the successor to the other íavo churches is near enough to Great Kills to serve the same general community. Proof has been submitted to show that the decedent contributed to St. Ann’s as Avell as to St. Alban’s Episcopal Church Avhen it came into existence. The court finds that this legacy should be paid to St. Alban’s Episcopal Church as the successor by consolidation to “ St. Anne’s Church ”.
Where a bequest has been made to a constituent corporation Avhich is consolidated Avith another corporation, the bequest passes to the successor by consolidation (Membership Corporations Law, § 53; 7 White, Corporations, par. 21.102, p. 394; Matter of Doane, 124 Misc. 663; Matter of Cameron, 113 Misc. 416; 7 Warren’s Heaton, § 92, par. 2; Matter of Phoenix, 18 Misc 2d 1025).
The specific legacies to John Chavanno, Alfred Carrier and Harry Guerber have lapsed since they failed to survive the testatrix, and their gifts fall into the residue.
Harry Guerber and Alfred Carrier, residuary beneficiaries, having predeceased testatrix, their 15% each, is to be distributed as intestate property.