39016. HOSPITAL AUTHORITY OF BARROW COUNTY v. FIRST NATIONAL BANK OF ATLANTA et al.

MARSHALL, Justice.

This is a petition for declaratory judgment by trustees of testamentary trusts established under the will of W. Clair Harris.

Trust I of Item XIX of the testator's will establishes a trust for the benefit of Winder-Barrow Hospital. Other trusts are established in the testator's will for the benefit of Emory University and Georgia Baptist Hospital. The income from the trusts is to be distributed to the beneficiaries; in addition, the trustees are given discretionary encroachment authority.

Item XXXIX of the testator's will provides that if these purely charitable trusts "lose their character as such under the then pertinent provisions of the United States Internal Revenue Code and

should thereupon become subject to federal income taxes at the same or higher rates imposed upon noncharitable trusts, then the assets and properties in said trusts shall drop down into the residuary trusts in Item XX of my Will to be held and administered in accordance with the terms thereof and as a part thereof."

The residuary trusts established in Item XX are for the benefit of Georgia Baptist Hospital (one quarter of the residue); Winder-Barrow Hospital (one quarter of the residue); and Emory University (the balance). The net income to Emory is to be used in the field of medicine. In addition, the trustees are given some discretionary encroachment authority in the residuary trust. Under Item I of the sixth codicil of the testator's will, the beneficiaries of the residuary trust likewise become disqualified if they lose their character as charitable organizations.

Through the petition for declaratory judgment, which was filed on February 11, 1982, the trustees are seeking direction from the court concerning distributions to be made under Trust I in Item XIX and the residuary trust in Item XX.

In the petition, it is stated that the Winder-Barrow Hospital was previously operated by a nonprofit corporation, The Hospital Authority of Barrow County (referred to hereinafter as the hospital authority). However, the hospital authority has leased the Winder-Barrow Hospital building and the land on which it is located to a noncharitable corporation organized for profit, American Medical International, Inc. (referred to hereinafter as AMI).

Under the agreement between the hospital authority and AMI, which is dated February 24, 1981, various assets of the hospital have been sold to AMI; various of the hospital's liabilities have been assumed by AMI; and AMI thus began operating the Winder-Barrow Hospital.

However, the agreement states that the leasing of the hospital's real property and sale of its personal property are pending construction by AMI of a new hospital for Barrow County (referred to as the "Replacement Hospital"). There is a provision in the agreement under which the hospital authority can, in effect, cancel the agreement if AMI fails to commence construction of the replacement hospital within the time specified by the Georgia Certificate of Need law. See Code Ch. 88-33. In addition, the hospital authority is given an option to purchase the replacement hospital once it is constructed, as well as a right of first refusal if AMI should desire to sell the replacement hospital.

It is stated in the petition for declaratory judgment that the certificates and permits authorizing construction of the replacement hospital have been issued.

The superior court ruled that the Winder-Barrow Hospital is no longer a purely charitable institution and, for this reason, is no longer qualified as a beneficiary under the testator's will. The superior court further ruled that under the cy-pres doctrine, the testator's intention can be carried out most accurately by having Emory University and Georgia Baptist Hospital share in the income and encroachments of the Winder-Barrow Hospital in the proportions of one third to Georgia Baptist and the balance to Emory. Winder-Barrow Hospital appeals. We affirm.

1. Under the record in this case, the court was fully authorized in finding that the Winder-Barrow Hospital is no longer being operated as a charitable institution and, therefore, is disqualified as a beneficiary under the testator's will.

2. The cy-pres doctrine authorized the court in substituting Georgia Baptist and Emory as successor beneficiaries in the proportions stated. See Code Ann. §§ 113-815, 108-202; *Alexander v. Ga. Baptist Foundation,* 245 Ga. 545 (1) (266 SE2d 165) (1980) and cits.

3. Should operation of the Winder-Barrow Hospital revert back to the hospital authority under any of the previously cited provisions of the agreement, it will be time enough then to decide whether the hospital can requalify as a charitable beneficiary under the testator's will.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1982.

*Russell, McWhorter & Adamson, Robert W. Adamson,* for appellant.

*Hansell, Post, Brandon & Dorsey, John H. Boman, Jr., Robert S. Wiggins, Joseph W. Crooks, Poole, Pearce, Cooper & Smith, Edwin M. Pearce, Robert R. Smith, Michael J. Bowers, Attorney General, H. Perry Michael, Senior Assistant Attorney General, William B. Wood, Assistant Attorney General,* for appellees.