S96A0138. GUSTAFSON v. WESLEY FOUNDATION et al.
S96X0280. ST. JOHN UNITED METHODIST CHURCH
v. GUSTAFSON et al.
(469 SE2d 160)

THOMPSON, Justice

E. Louise Grant died testate in 1993. This appeal concerns Item VI of her will, which was executed in 1988, and reads, in pertinent part:

> The residue of my estate I bequeath after all other expenses . . . as follows: A. To the Wesley Foundation, University of Minnesota, Mpls., Minn., where I spent so many inspirational hours, during my college life at the University of Minnesota, one half of my remaining estate. B. The remaining half I give and bequeath to St. John United Methodist Church, Greene Street, Augusta, GA.

Grant attended the University of Minnesota in the 1920's and 30's. A few years earlier, the Wesley Foundation was organized at the University as a Methodist student organization. It ministered to Methodist students at the University until 1967, when it transferred its assets to the Metropolitan Methodist Campus Ministry ("Metropolitan").[1] From that point on, the Wesley Foundation no longer functioned actively as an independent entity and Metropolitan proceeded to minister to University students in its stead.

Metropolitan serves as a trustee body for the property and funds of the United Methodist Church which are used for campus ministries. Beginning in 1974, Metropolitan carried on its work within the framework of the United Ministries in Higher Education ("United Ministries"), a coordinating body which ministers to the needs of stu-

---

[1] In 1977, Metropolitan changed its name to Metropolitan United Campus Ministry.

dents who are members of five Protestant churches, including the United Methodist Church, at the University of Minnesota. As a participating member in United Ministries, Metropolitan actively supports ecumenical campus ministries including worship, Bible study, fellowship, seminars, counseling, support groups, and mission opportunities. The Wesley Foundation carried out these same kinds of ministries when Grant was a student at the University of Minnesota.

Naming the Wesley Foundation, Metropolitan, St. John United Methodist Church, and Amy Gustafson, Grant's sole heir, as defendants, Grant's executrix filed a petition to construe Item VI of the will. Gustafson answered, asserting the bequest to the Wesley Foundation lapsed and she is entitled as Grant's sole heir to one-half of the residue of the estate. St. John United Methodist Church responded by asserting that, if the bequest to the Wesley Foundation lapsed, then it is entitled to the bequest as the residual legatee. Wesley Foundation and Metropolitan answered by asserting that Metropolitan is entitled to the bequest because it is the successor to the Wesley Foundation and ministers to students at the University of Minnesota just as the Wesley Foundation did when Grant was a student at that institution.

Following discovery, Metropolitan and Gustafson filed cross-motions for summary judgment. The court granted Metropolitan's motion, concluding that it was the successor to the Wesley Foundation and was entitled to receive Grant's bequest. Gustafson appeals in Case No. S96A0138; St. John United Methodist Church cross-appeals in Case No. S96X0280. We affirm.

1. In construing the provisions of a will, this Court will look to the intent of the testator, and, whenever possible, the intent of the testator will control the outcome. OCGA § 53-2-91; *First Nat. Bank of Atlanta v. Jenkins*, 256 Ga. 223, 224 (345 SE2d 829) (1986). This is especially true when a bequest for a charitable purpose is in issue. Such bequests are looked upon with great favor, and courts of equity are obliged to ensure that the testator's charitable intent is enforced. *Moss v. Youngblood*, 187 Ga. 188, 197 (200 SE 689) (1938).

2. Generally, where a named charitable beneficiary merges, or is consolidated, with other similar entities, the new entity, is entitled to the bequest. *First Bank &c. Co. v. Attorney Gen.*, 359 NE2d 938 (Mass. 1977). See also *In re Morris' Will*, 234 NYS2d 122, 125 (36 Misc.2d 1094) (1962) (gift to church which ceased to exist upon consolidation with another church serving same general community passed to successor); *In re Wehrfritz' Estate*, 287 NYS 908 (158 Misc. 740) (1936) (gift to missionary society which merged with two other missionary societies after making of will was payable to new society). Of course, the aims and purposes of the new entity should be similar to those of the named beneficiary. See *In re Drenning's Will*, 266 NYS2d 625 (48 Misc.2d 1082) (1966) (gift to church which merged

with another did not lapse where aims and purposes of church were similar to that with which it merged).

In this case, the intent of the testatrix was to provide for the Wesley Foundation at the University of Minnesota. The Wesley Foundation transferred its assets to Metropolitan which carried on its ministries. The aims and purposes of Metropolitan are similar to those of the Wesley Foundation: Metropolitan ministers to Methodist students in virtually the same way that the Wesley Foundation ministered to such students when the testatrix attended the University of Minnesota. Under these circumstances, the bequest did not lapse. Metropolitan is the successor to the Wesley Foundation and it is entitled to receive the testatrix's bequest. *First Bank &c. Co. v. Attorney Gen.*, supra.

The bequest should not be defeated simply because Metropolitan deemed it advisable to join with other Protestant denominations in ministering to students at the University of Minnesota. *First Bank &c. Co. v. Attorney Gen.*, 359 NE2d 938, 942, supra; *Stephenson v. Kuntz*, 49 SE2d 235, 247 (W.Va. 1948). The testatrix did not condition her bequest so as to restrict the beneficiary's participation in an ecumenical Protestant mission. *First Bank &c. Co. v. Attorney Gen.*, supra.

3. Because there is an existing, qualified beneficiary, the court was correct in ruling that the cy pres doctrine is inapplicable. See *Hines v. Village of St. Joseph*, 227 Ga. 431 (181 SE2d 54) (1971); *In re Higbee's Estate*, 93 A2d 467, 470 (Pa. 1953).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996 —
RECONSIDERATION DENIED MAY 17, 1996.

*Jay M. Sawilowsky*, for Gustafson.

*William J. Williams, B. Thomas Cook, Jr.*, for Wesley Foundation and Metropolitan.

*Hull, Towill, Norman & Barrett, William J. Keogh III*, for St. John United Methodist Church.