S99A1630. CRISP AREA YMCA v. NATIONSBANK, N.A. et al.
(526 SE2d 63)

CARLEY, Justice.

The late A. B. Branan was a resident of Cordele, and a director of the Cordele YMCA from the time of its incorporation in 1982. He maintained a membership in the Cordele YMCA while it operated as a YMCA facility. That organization experienced financial problems and ceased operation as a YMCA on May 8, 1992. In November of 1993, the National Council of the YMCA terminated the authority of the Cordele YMCA to operate YMCA programs and services, and that authority has never been reinstated. Twice the Georgia Secretary of State administratively dissolved the Cordele YMCA, but reinstated the organization on each occasion. Since 1992, the Cordele YMCA

---

has performed no functions other than liquidating its assets and paying its debts. It appears that the organization may no longer possess tax-exempt status.

Mr. Branan was also a member of the Albany YMCA and he used that organization's facility several times a week. He made financial contributions to the Albany YMCA, as well as to the Cordele YMCA. When the Cordele organization ceased functioning as a YMCA, its directors invited the Albany YMCA to take control of the YMCA activities in Crisp County and, since 1993, the Albany YMCA has been the only organization authorized by the National YMCA to provide YMCA services and programs in that county. The Albany YMCA has a Crisp County Advisory Board and retains permanent Crisp County employees.

On May 14, 1992, Mr. Branan executed a will which provided for several monetary bequests including that contained in Item XV as follows: "I give, devise and bequeath the sum of one hundred thousand dollars ($100,000) to the Cordele, Georgia Area Y.M.C.A., absolutely and in fee simple." In 1994, long after that organization ceased its active operations, he twice instructed his attorney to draft a codicil changing the beneficiary of his bequest from the Cordele to the Albany YMCA. Although he had opportunities to execute these codicils, he never did so prior to his death on June 21, 1995.

Thereafter, both the Cordele and the Albany YMCA claimed entitlement to Mr. Branan's bequest. NationsBank, N.A., in its capacity as the executor of Mr. Branan's estate, filed an action for declaratory judgment, seeking a determination as to which of the two organizations should receive the bequest. Applying the doctrine of cy pres, the trial court ordered that the money be paid to the Albany YMCA. From that order the Cordele YMCA brings this appeal.

The purpose of the doctrine of cy pres has always been to effectuate, rather than to frustrate, the testator's general charitable intent. See *Trammell v. Elliott*, 230 Ga. 841, 847 (5) (199 SE2d 194) (1973). One of the recognized requirements for application of the principle is the legal or practical impossibility of carrying into effect the deceased's specific intention. *Trammell v. Elliott*, supra at 846 (5). "If a valid charitable bequest . . . cannot be executed in the *exact* manner provided by the testator, . . . the superior court will exercise equitable powers in such a way as will as nearly as possible effectuate the intention of the testator. . . ." (Emphasis supplied.) OCGA § 53-12-113. Thus, if Mr. Branan's charitable bequest to the Cordele YMCA *can* be accomplished in accordance with the precise terms of his will, cy pres has no application and the courts cannot rely upon that principle so as to make a disposition which is contrary to his intent.

It is undisputed that the Cordele YMCA was in existence at the

time when Mr. Branan made his will, that such organization existed at the time of his death, and that it still exists as a legal entity today. Therefore, it is neither factually nor legally impossible for his named beneficiary to take the gift which he bequeathed to it. Where, as here, "there is an existing, qualified beneficiary, . . . the cy pres doctrine is inapplicable. [Cits.]" *Gustafson v. Wesley Foundation*, 266 Ga. 679, 681 (2) (469 SE2d 160) (1996).

The Cordele YMCA is not active. However, such inactivity does not render the organization defunct. Mr. Branan was aware of the fact that the Cordele YMCA was inactive. Indeed, he executed his will six days *after* the organization ceased operations. Moreover, Mr. Branan did not change his will in the years during which the YMCA remained in existence, but inactive. In fact, although he twice requested that his attorney draft a codicil which would change the beneficiary to the Albany YMCA, he never executed either of those drafts. Nevertheless, the trial court found that the Albany YMCA, rather than the beneficiary actually designated by the testator, should take under the will. This result is not only unauthorized by the doctrine of cy pres, it is completely inconsistent with that principle, since, under the undisputed circumstances, Mr. Branan's testamentary intent clearly was to benefit the Cordele YMCA.

> The prevailing rule is that the fact that a religious, charitable, or educational organization named as a beneficiary in a will discontinues its active functions after the execution of the will does not impair its right to take the gift so long as its identity, whether corporate or associative, continues without dissolution until the death of the testator.

79 AmJur2d, Wills, § 178, pp. 405-406. Here, the Cordele YMCA had discontinued operations even before execution of the will, so Mr. Branan's testamentary intent that his bequest be received by that entity is even stronger. Whether the inactivity disqualifies the Cordele YMCA as a charity under the federal tax code is irrelevant, as Mr. Branan did not make his bequest dependent upon the organization so qualifying. Compare *Hosp. Auth. of Barrow County v. First Nat. Bank*, 250 Ga. 55, 57 (2) (296 SE2d 54) (1982). According to the will, the bequest was made "absolutely and in fee simple." If the tax status of his beneficiary was not important to Mr. Branan himself, it should not be considered by the courts charged with giving effect to his testamentary intent.

Had Mr. Branan intended that the Albany YMCA be a beneficiary of his estate, he could have made such a provision in his original will or he could have executed a codicil which would so provide. He did not do the former and he twice failed to do the latter. With com-

plete knowledge that the Cordele YMCA was inactive but extant, he bequeathed a sum to that organization and elected not to revoke or change that bequest before his death. To refuse to give effect to this provision is to rewrite the testator's will so as to disinherit his designated beneficiary and to substitute an entity which he himself declined to include in his testamentary plan for the distribution of his estate. This is completely at odds with the rule that

> [c]ourts are without authority to rewrite by construction an unambiguous will; for to do that would be to substitute the will of the court for that of the testator. It is no proper concern of the court whether the disposition of one's property by will is wise or unwise, is justified or unjustified, so long as such disposition is legal and the intention of the testator is certain and clearly expressed by the terms of the will. Although the court may regard as frivolous or insufficient the reasons prompting the testator to make a bequest, yet, when the intention to make the bequest is too plain to be challenged, it is the duty of the court to give effect to it and thus allow the expressed wish of the testator to stand.

*Hungerford v. Trust Co. of Ga.*, 190 Ga. 387, 389 (9 SE2d 630) (1940).

Admittedly, there is no Georgia decision dealing with the precise issue of a testamentary gift to an existing, but inactive, charitable organization. However, the lack of such authority results either from the previous absence of such a factual circumstance in this state or from the recognition by potential litigants that such an application of cy pres would be rejected by the Georgia courts in accordance with persuasive authority. The accepted rule in other jurisdictions is that a bequest to a charitable corporation is given effect if the named entity " 'is still in existence when the time for vesting arrives, even though the corporation meanwhile has become entirely inactive. It may take the legacy but must devote it to some proper corporate purpose. [Cit.]' " *Montclair Nat. Bank & Trust Co. v. Seton Hall College of Medicine & Dentistry*, 233 A2d 195, 200 (N.J. Super. 1967). The trial court's holding in this case is contrary to that persuasive authority and to the general principles of the Georgia law of wills. As interpreted below, the doctrine of cy pres becomes a means by which to effectuate a testamentary intent that the decedent himself specifically and clearly rejected. This constitutes a novel and unauthorized application of that principle. The judgment awarding Mr. Branan's charitable bequest to an organization other than that which he named in his will and which was still in existence at the time of his death is erroneous and must be reversed.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Sears, J., who dissent.*

SEARS, Justice, dissenting.

I respectfully dissent. In November 1993, the National Council of the YMCA terminated the Cordele YMCA's authority to operate YMCA programs and services, and such authority has never been reinstated. Twice since its formation, the Cordele YMCA has been administratively dissolved by Georgia's Secretary of State.[1] Since 1992, the Cordele YMCA has performed no charitable functions, and its only activities during that time have consisted of liquidating assets and paying debts. The organization no longer possesses tax-exempt status.

When the Cordele organization ceased functioning as a YMCA, its directors invited the Albany Area YMCA to take control of YMCA activities in Crisp County, and since 1993, the Albany Area YMCA has been the only organization authorized by the National YMCA to provide YMCA services and programs in Crisp County.[2] The Albany Area YMCA has organized a Crisp County Advisory Board to assist it in making that provision, and it also retains permanent Crisp County employees.

The doctrine of cy pres provides that "[i]f a valid charitable bequest . . . cannot be executed in the exact manner provided by the testator . . . the superior court will exercise equitable powers in such a way as will nearly as possible effectuate the intention of the testa-tor."[3] The doctrine of cy pres is applied in cases in which (1) there is an otherwise valid charitable grant that is philanthropic in nature and that offers public benefits; (2) a general charitable intention on the testator's part is evidenced; and (3) the specific intention of the testator may not be legally or practicably possible.[4]

Certainly, Branan's legacy to the "Cordele, Georgia Area YMCA" evidences a charitable intention to bequeath money to a Crisp County regional YMCA organization. On its face, this appears to be a valid charitable grant for philanthropic public purposes. However, it also is clear from the record that at the time of Branan's death, a spe-cific intention to bequeath money to the Cordele YMCA was not prac-ticably possible, because the Cordele organization was no longer authorized to operate as a YMCA, had not operated as a YMCA for a number of years, and had not performed any charitable services for an even greater number of years. Because the Cordele organization was incapable of functioning as a YMCA, and did not function as a

---

[1] However, the organization has been reinstated each time. The first dissolution was in July 17, 1994, with reinstatement on April 5, 1996. The second dissolution was on July 5, 1998, with reinstatement on July 29, 1998.

[2] In addition to the City of Albany and Crisp County, the Albany Area YMCA also pro-vides YMCA services in Lee, Dougherty, Worth, Terrell and Turner Counties.

[3] OCGA § 53-12-113.

[4] *Trammell v. Elliott*, 230 Ga. 841, 846 (199 SE2d 194) (1973).

charitable organization, it was practicably impossible to effectuate Branan's philanthropic intention to benefit a Crisp County regional YMCA program by awarding the bequest to the Cordele YMCA. Hence, the trial court correctly concluded that the charitable bequest could not be executed in the precise manner set forth in Branan's will.

Furthermore, the Albany Area YMCA is authorized to operate as a YMCA in the Crisp County region, offers YMCA programs and services in that region, and consults with a local Crisp County advisory board to assist it in providing services in that region. Beginning in 1993, at the invitation of the Cordele YMCA directors, the Albany Area YMCA replaced its defunct Cordele counterpart as the only organization authorized to provide YMCA services in Crisp County. Hence, given that Branan's intention could not be effectuated if his charitable bequest was delivered to the Cordele YMCA, the trial court was authorized by the doctrine of cy pres to name the Albany Area YMCA as the appropriate recipient of the bequest, thereby fulfilling Branan's testamentary intention as nearly as possible.

The majority's contrary ruling disregards Georgia law and further restricts application of the cy pres doctrine in this state. The majority relies upon a legal treatise to rule that the Cordele YMCA should take the bequest because its identity "continue[d] without dissolution until the death of the testator. 79 AmJur2d, Wills, § 178."[5] However, that is not the law in Georgia. As explained above, rather than turning on procedural dissolution, Georgia's law is that cy pres is applied to charitable bequests when the specific intention of the testator may not be legally *or practicably* possible.[6] Applying this standard, I emphasize that the Cordele YMCA's authority to provide YMCA programs and services has been abolished by the National YMCA Council, and the organization has been nullified as a YMCA services provider. It follows that, practically speaking (which is the standard in Georgia), Branan's intention to benefit YMCA services in Cordele by making a bequest to the Cordele YMCA was not possible, thereby invoking the cy pres doctrine.

I also believe that the majority has mischaracterized the Cordele YMCA as being merely "not active."[7] The Cordele organization is more than just inactive — it has allowed its National YMCA charter to be dissolved, and it has also requested that the Albany Area YMCA come into the Cordele area and provide YMCA programs and services to Cordele area residents. For all practical purposes, the Cordele YMCA is a mere "shell corporation." This state of affairs, I

---

[5] Op. at 184.
[6] *Trammell*, 230 Ga. at 846.
[7] Op. at 184.

believe, evidences the Cordele organization's (1) relinquishment of any right or desire to be an authorized YMCA services provider, and (2) its intention to consolidate or merge its former YMCA service region into the nearby Albany Area YMCA's service region. As recognized by the majority's own authority, "where a named charitable beneficiary merges, or is consolidated, with other similar entities, the new entity is entitled to the bequest."[8] Hence, in this case, the Albany Area YMCA should be the proper recipient of Branan's bequest.

For all of these reasons, I believe that the trial court was authorized under Georgia law regarding the doctrine of cy pres to exercise its equitable powers in order to effectuate Branan's charitable intention as nearly as possible by awarding his charitable bequest to the Albany Area YMCA, and I respectfully dissent to the majority's ruling to the contrary.

I am authorized to state that Chief Justice Benham joins in this dissent.

DECIDED FEBRUARY 14, 2000 —
RECONSIDERATION DENIED MARCH 10, 2000.

*Roberts, Rainwater & Ingram, Lawrence W. Roberts, David N. Rainwater,* for appellant.

*Moore, Clarke, DuVall & Rodgers, James H. Moore III, Edgar W. Duskin, Jr., Wright, Hyman & Pack, G. Russell Wright, Clifford W. Harpe, Jr., A. Lee Hayes,* for appellees.

---

[8] *Gustafson v. Wesley Foundation,* 266 Ga. 679, 680 (469 SE2d 160) (1996).